FILED
2008 Jun-19 AM 10:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **SHELBY J. AYERS-HOPSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | **6:07-CV-2104-VEH** |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

The plaintiff, Shelby J. Ayers-Hopson ("Ms. Ayers-Hopson"), brings this action pursuant to 42 U.S.C. § 1631(c)(3), §1383(c)(3) of the Social Security Act, seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying her application for a Supplemental Security Income ("SSI"). Ms. Ayers-Hopson timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review pursuant to 42 U.S.C. § 405(g).[1] As the court explains more fully below, the court finds that the ALJ's decision is supported by substantial evidence and is due to be affirmed.

---

[1] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

## **FACTUAL AND PROCEDURAL HISTORY**

Ms. Ayers-Hopson was a 33 year-old female at the time of her hearing before the administrative law judge (hereinafter "ALJ"). (Tr. 235). She possesses an eighth grade education level. (Tr. 236). Her past work experiences include employment as a housekeeper and laborer. (Tr. 17, 234). Ms. Ayers-Hopson claims she became disabled on May 1, 2002, due to hepatitis C, back pain from a motor vehicle accident, and a learning disability.[2] (Tr. 17).

Ms. Ayers-Hopson filed her Title XVI application for SSI on June 21, 2002. (Tr. 16). The claim was denied by the Commissioner on November 20, 2002. (Tr. 41). Ms. Ayers-Hopson filed a timely written request for a hearing on January 24, 2003. (Tr. 46). A hearing was held before an ALJ on November 17, 2004. (Tr. 17). The ALJ concluded that Ms. Ayers-Hopson was not disabled and denied her application on January 7, 2005. (Tr. 13). Ms. Ayers-Hopson timely requested a review of the ALJ's decision on January 19, 2005. (Tr. 11). The Appeals Council denied Ms. Ayers-Hopson's request for review on September 20, 2007. (Tr. 4). The ALJ's decision thus became the Commissioner's final decision on that date. *Id*.

It should be noted that Ms. Ayers-Hopson previously filed an application for

---

[2] Claimant amended the onset date from April 1, 2002 to May 1, 2002 at the hearing with the ALJ. (Tr. 17, 233-34).

2

disability insurance benefits ("DIB") in January 2000. (Tr. 16). Her DIB claim was denied by an ALJ in September 2001 and an appeal was filed. *Id*. The ALJ's DIB decision was upheld by the Appeals Council in March 2002. *Id*.

Ms. Ayers-Hopson filed a Complaint on November 19, 2007, which asks this court to review the ALJ's subsequent SSI decision. (Compl. 2). Ms. Ayers-Hopson also filed a motion to proceed in forma pauperis on November 19, 2007. (Doc. 2). This court granted the motion to proceed in forma pauperis on November 26, 2007.

## **STANDARD OF REVIEW**[3]

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390, 401 (1971); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. The court will determine that the ALJ's opinion is supported by

---

[3] In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[4] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in

---

[4]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of March 27, 2008.

sequence:

    (1)    whether the claimant is currently employed;
    (2)    whether the claimant has a severe impairment;
    (3)    whether the claimant's impairment meets or equals an impairment listed by the Secretary;
    (4)    whether the claimant can perform her past work; and
    (5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers.

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ found that Ms. Ayers-Hopson has not engaged in substantial gainful activity at any time relevant to this decision. (Tr. 18). He also found that Ms. Ayers-Hopson had the following "severe" impairments based on the Regulations 20 C.F.R. § 404.1520(c) and § 416.920(c): hepatitis C, mild scoliosis, somatization, a

personality disorder, and major depression. (Tr. 19). The ALJ then held that the medically determinable impairments, either alone or in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, subpt. P, app. 1 (2007). (Tr. 19-20).

The ALJ concluded that Ms. Ayers-Hopson's impairments do not prevent her from performing past relevant work. (Tr. 21). The ALJ determined that Ms. Ayers-Hopson retains a residual functioning capacity ("RFC") to perform a limited range of light activity.[5] (Tr. 21).

The vocational expert ("VE") testified that Ms. Ayers-Hopson's previous relevant work was light and unskilled.[6] (Tr. 22). Given the RFC determined by the ALJ, the VE stated that the claimant would be able to perform her past relevant work as a housekeeper or laborer. *Id*. The VE further testified that if Ms. Ayers-Hopson

---

[5] The ALJ stated the claimant "could do light or less work activity and any pain she had would be less than moderately severe. Mentally, she would have moderate or less restrictions in all areas and each and every area of her ability to cope with the mental demands of the workplace. She may have borderline intellect and would not be able to handle complex tasks and detailed jobs. She has a GAF of 62. She probably should not work around jobs involving food and food preparation because of her hepatitis C. Even if she also has a back impairment, this would only additionally restrict her to bench type work with a sit/stand option where she would not have to do any significant postural movements, or use any foot controls." (Tr. 21).

[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). A job could require "a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." *Id.*

had the alleged back restrictions, she could not perform her past relevant work.  *Id*.

However, the claimant would be able to perform the following light, unskilled jobs with a sit/stand option:  an information clerk, existing at 80,000 nationally and 3,000 regionally; a garmet ticketer, existing at 50,000 nationally and 2,000 regionally; and a hand inspector, existing at 40,000 nationally and 2,000 regionally.  *Id*.  The ALJ then considered Ms. Ayers-Hopson's age, education, work experience, and RFC. (Tr. 23).  Based on testimony from the VE, the ALJ determined that the claimant could perform her past relevant work and even considering her alleged back limitations, jobs in a significant number exist in Alabama and in the national economy that Ms. Ayers-Hopson can perform.  (Tr. 22-23).

The ALJ concluded that Ms. Ayers-Hopson was not under a disability at any time through the date of the ALJ's decision.  (Tr. 23).  Thus, based on her application for SSI, Ms. Ayers-Hopson was not disabled under §§ 1602 and 1614(a)(3)(A) of the Social Security Act.  (Tr. 23).

## **ANALYSIS**

A court can reverse a finding of the Secretary if it is not supported by substantial evidence.  24 U.S.C. § 405(g).  "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v.*

*Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris,* 615 F.2d 1103, 1106 (5th Cir. 1980)).[7] However, this court is limited in its review of the Commissioner's decision in that the Commissioner's findings must be reviewed with deference. *See Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990) (citing *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986)). Ms. Ayers-Hopson asserts that "the ALJ failed to properly credit the opinion of plaintiff's treating psychiatrist" and applied improper legal standards. (Doc. 9 at 1,11). In its review, this court finds that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standard.

    **I.    THE ALJ'S DECISION THAT MS. AYERS-HOPSON IS NOT DISABLED IS SUPPORTED BY SUBSTANTIAL EVIDENCE.**

        **A.    The ALJ properly substantiated the weight given toDr. Vansickle's opinion**

Ms. Ayers-Hopson claims that the ALJ should have afforded more weight to the opinion of her treating psychiatrist, Dr. Vansickle, rather than the reports of the other physicians - Drs. Wood, Harrison, and Shallgrass. (Doc 9 at 8-10). She states that "the findings of the Commissioner are not based upon substantial evidence." (Compl. 2).

---

[7]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998). The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision, but the court should not attempt to reweigh the evidence. *See Foote*, 67 F.3d at 1560.

The weight afforded a physician's conclusions regarding a claimant depends upon the extent to which statements are supported by clinical or laboratory findings and are consistent with other evidence of record. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d)(1); *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004); *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). A doctor's opinion should be given controlling weight only if it is consistent "with other substantial evidence in [Plaintiff's] case record. . . ." 20 C.F.R. § 404.1527(d)(2). "Generally, the more consistent an opinion is with the record as a whole, the more weight [that opinion shall be accorded]." 20 C.F.R. § 404.1527(d)(4). The Regulations provide that the supportability of a physician's opinion depends on the degree to which the source presents relevant evidence to support the opinion, and the degree to which the opinion is internally consistent and consistent with other evidence. See 20 C.F.R. § 416.1527(a), (b), (c)(2), and (d)(3)-(4).

The opinion of a treating physician as to the plaintiff's condition and the medical consequences thereof is entitled to deference, absent good cause. *See* 20 C.F.R. §§ 404.1527, 416.927 (1998); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440). If there is incompatible evidence, the Supreme Court has stated that "[t]he trier of fact has the duty to resolve" the contest between "conflicting medical evidence." *Richardson v. Perales*, 402 U.S. 389, 399 (1971).

The ALJ properly evaluated the record as a whole by considering evidence from all of the physicians, both treating and consulting. He specifically stated that he gave "great weight" to the opinions of Drs. Wood and Harrison. (Tr. 20). The evidence from those consultative examinations indicated that the claimant could perform work related activites and found her to have only "mild" mental functional limitations as shown by her GAF score of 62. (Tr. 20-21). The findings of Drs. Wood and Harrison constitute substantial evidence and support the ALJ's decision that the claimant is not disabled.

Furthermore, the ALJ stated that he gave "little weight" to Dr. Vansickle's opinion that Ms. Ayers-Hopson would have "moderate to marked limitations in her mental abilities." (Tr. 21). It is clear from the record that the ALJ correctly identified and resolved conflicting evidence about the severity of claimant's limitations by explaining that he found Dr. Vansickle's assessment to be inconsistent with "other treatment/examination records and the claimant's activities of daily living." (Tr. 21). Assuming without deciding that Dr. Vansickle is a treating physician of Ms. Ayers-Hopson,[8] this court finds that the ALJ reasonably concluded that good cause existed for giving Dr. Vansickle's opinion little merit. Therefore, the ALJ's decision that the claimant is not disabled is supported by substantial evidence.

## II. THE ALJ APPLIED THE CORRECT LEGAL STANDARD IN DETERMINING THAT MS. AYERS-HOPSON WAS NOT DISABLED.

Ms. Ayers-Hopson claims that the ALJ applied an improper legal standard in reaching his decision. (Compl. 2). The proper legal standard for determining whether a claimant is disabled is set forth above in this opinion. (*See* Statutory and Regulatory Framework, *supra* at 4-5.)

---

[8] The ALJ noted that Dr. Vansickle "only saw the claimant on one occassion because she did not return for her follow up visit." (Tr. 21). Given the short duration and scope of the claimant's interaction with Dr. Vansickle, it is questionable whether a treating physician relationship exists with regard to Ms. Ayers-Hopson and Dr. Vansickle.

11

Contrary to Ms. Ayers-Hopson's position on appeal, the ALJ applied the proper legal standard in concluding that Ms. Ayers-Hopson is not disabled within the meaning of the Social Security Act. (20 C.F.R. § 404.1520(a)(4)). First, the ALJ found that Ms. Ayers-Hopson had not engaged in substantial gainful activity since the alleged onset of her disability. (Tr. 18). Second, the ALJ found that Ms. Ayers-Hopson's impairments of hepatitis C, mild scoliosis, somatization, a personality disorder, and major depression are considered "severe" based on the requirements of 20 C.F.R. §§ 404.1520(c) and 416.920(c). (Tr. 19). Third, the ALJ determined that Ms. Ayers-Hopson's impairments do not meet or medically equal any of the listed impairments in 20 C.F.R. § 404, subpt. P, app. 1. (Tr. 19-20).

Fourth, the ALJ found that Ms. Ayers-Hopson's RFC allowed her to perform work at the light exertional level with limitations and thus, does not preclude any of her past relevant work. (Tr. 20.) However, her alleged back problems would render the claimant unable to perform past work as a housekeeper and laborer according the VE. Fifth and finally, even considering Ms. Ayers-Hopson's alleged back impairments, the VE testified and the ALJ concluded that jobs available to Ms. Ayers-Hopson exist in significant numbers in the national economy, including occupations such as information clerk, garmet ticketer, and hand inspector. *Id.* Reliance upon testimony from the VE is appropriate as "[i]n this Circuit, the preferred

method of demonstrating job availability where a plaintiff is unable to perform a full range of work at a given functional level or when a claimant has both exertional and nonexertional limitations is through the testimony of a vocational expert." *Byrd v. Apfel*, No. Civ. A. 95-0218-RV-S, 2000 WL 726212, at *7 (S.D. Ala. Apr. 28, 2000) (citing *Welch v. Bowen,* 854 F.2d 436, 439-440 (11th Cir. 1986)).

Therefore, the ALJ determined that Ms. Ayers-Hopson cannot be considered disabled under the definition of disability provided in the Social Security Act because she failed the five-point test under sections (3), (4), and (5). Accordingly, the ALJ applied the proper legal standard in concluding that Ms. Ayers-Hopson is not disabled, and the decision of the Commissioner is due to be affirmed.

## **CONCLUSION**

Based upon its evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is supported by substantial evidence and that the proper legal standards were applied. Accordingly, the decision of the Commissioner will be affirmed by separate order.

**DONE** and **ORDERED** this 19th day of June, 2008.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge